CURTIS & LANE v. FLINN, TRUSTEE.

1. MORTGAGE: *Certainty in description of debt.*
   Though usual, it is not necessary that a mortgage state the amount of the debt to be secured, or that it is evidenced by a note or any other instrument. If it contains a general description, sufficient to embrace the liability intended to be secured, and to put a person examining the records upon inquiry, and to direct him to the proper source for particular information of the amount of the debt, it is sufficiently certain.

APPEAL from *Prairie* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*Geo. Sibley*, for appellants.

*First*—The mortgage is void for ambiguity and uncertainty in the description of the place where the cotton was to be grown and the indebtedness to be secured. It was only intended to secure, and only secured, the $100 in supplies to be advanced, and not previous indebtedness. Haley certainly *had the right*, and did elect, to appropriate the proceeds of the two bales of cotton to the payment of the mortgage, and having tendered the balance, the lien is extinguished. *2 Pars. Cont. (2d ed.), 141–3 and notes; ib. (6th ed.), 632 and note " y," 633, note " e," 631, note " w;" 26 Ark., 513; 32 ib., 665; 28 ib., 440; 30 ib., 745; 41 ib., 70– 496; Smith Merc. Law, 668.*

*John C. & C. W. England*, for appellee.

The testimony shows that the two bales were to be applied *on account* and not on the mortgage debt. The appropriation by the debtor must be made at the very time of payment, and he must state the particular debt to which

Curtis & Lane v. Flinn, Trustee.

he desires the payment appropriated. If he fails to do this, the law appropriates it, in the absence of an appropriation by the creditor, to the first items of the account. *30 Ark., 745 ; 33 ib., 285.*

The mortgage sets out that Haley is justly indebted to Stallings & Hunt, and *exclusive of the aforesaid indebtedness,* etc., and was intended to secure the antecedent debt as well as future advances, and is sufficiently certain and definite to secure both.

It is not necessary to set out the amount to be secured. If the description is definite enough to put one on inquiry and direct him to the proper source to obtain the necessary information as to amount secured, it is sufficient. *Jones Ch. Mort., sec. 86.* This will secure advances beyond the amount limited, if necessary, as between the parties. *Ib., sec. 94; 32 Ark., 645.* Also as against any other person unless they show an intervening right or lien.

The description of the property mortgaged is sufficiently definite if third parties, by inquiry, can ascertain what is included and intended to be conveyed. *Jones Ch. Mortg., secs. 55 and 69.*

COCKRILL, C. J.   This is a contest between two mercantile firms over a bale of cotton.   One Robert Haley mortgaged the entire crop to be raised by him on a given farm during the year 1883 to Flinn as trustee for the benefit of Stallings & Hunt, merchants.   Haley was indebted to Stallings & Hunt upon a running account for supplies in the sum of $60 or $65, when he executed the mortgage in May of 1883.   Stallings & Hunt furnished supplies to Haley for the year, their account aggregating one hundred and ninety odd dollars.   He delivered two bales of the mortgaged cotton to them with instructions, as he testified, to credit the proceeds on the mortgage debt.   After this, he tendered to

Curtis & Lane v. Flinn, Trustee.

Stallings & Hunt the amount in cash he understood to be due for advances made by them after the mortgage was executed, and demanded the surrender and satisfaction of the mortgage. This was done upon the advice of the appellants, to whom he was also indebted, and whose theory was that the mortgage did not cover the indebtedness due at the time of its execution, and that the payment and tender would discharge the lien. Stallings & Hunt declined to surrender the mortgage; the appellants purchased the bale of cotton, the trustee recovered it in an action of replevin against them, and they appealed.

The mortgage was properly acknowledged and recorded, and the amount due under it after deducting the credits and the amount tendered by the mortgagor, was greater than the value of the bale of cotton, provided the debt due at the time of its execution was secured by it. The amount of this debt is not specified in the mortgage. The object of the mortgage is described in the following language: " Whereas, the said Robert Haley is justly indebted to the mercantile firm of Stallings & Hunt, and, exclusive of the aforesaid indebtedness, the said Stallings & Hunt may make advances to the said Robert Haley in money, goods or supplies during the present year to the amount of $100; and the said Robert Haley, being desirous of securing the full and prompt payment of what he now owes or may hereafter become indebted to the said Stallings & Hunt, this conveyance is now made."

1. MORT-GAGE: Description of the debt. It is usual for the mortgage to set forth the amount of the debt to be secured and to recite that it is witnessed by a note, a stated account or other evidence of debt, but the neglect to do either or both does not necessarily invalidate the mortgage security. If the mortgage contains a general description, sufficient to embrace the liability intended to be secured and to put a person examining the records

upon inquiry, and to direct him ·to the proper source for more minute and particular information of the amount of the incumbrance, it is all that fair dealing and the authorities demand. *1 Jones Mortg., secs. 70, 343–4; Jones Chat. Mortg., sec. 86; Herman ib., sec. 57; Carnall v. Duval, 22 Ark., 136; Jarrett v. McDaniel, 32 ib., 598; Fetes v. O'Laughlin, 62 Iowa, 532; Lashbrook v. Hathaway, 52 Mich., 124; Michigan Ins. Co. v. Brown, 11 ib., 265; Page v. Ordway, 40 N. H., 253; Machette v. Wauless, 1 Col., 225.*

Enough is given by the mortgage here to satisfy this rule as to the account subsisting at the time the mortgage was executed, as well as to the indebtedness thereafter contracted to the amount of $100 at least. It becomes wholly immaterial then how the credits are appropriated, as the balance due upon the mortgage debt will be greater than the value of the cotton in dispute. The right to maintain replevin under the circumstances is not open to dispute in this state.

The appellants were not prejudiced by the judgment or any ruling of the trial court, and the judgment is affirmed.