## L. L. MARBLE *vs.* ANDREW BANG.

Submitted on briefs July 20, 1893.   Affirmed July 21, 1983.

**Authority to Sell, Means to Sell for Cash.**

Authority to an agent to sell the land of the principal, unless otherwise expressly provided, is authority only to sell for cash on delivery of the deed.

Appeal by plaintiff, L. L. Marble, from an order of the District Court of St. Louis County, *J. D. Ensign*, J., made October 29, 1892, denying his motion for a new trial.

The defendant, Andrew Bang, owned the south half of the northwest quarter, and the southwest quarter of the northeast quarter, of section twenty-nine (29) T. 58, R. 18, on the Mesaba Range, and on February 3, 1892, made plaintiff his exclusive agent until April 1st then next, to sell it for him. If he sold it, Bang was to have $2,000 and one-third of all that was obtained over $3,000. Marble was to have the residue for his services. On February 24, 1892, Marble made a contract with F. W. Merritt to sell him the land for $5,000, and agreed to deliver a good deed of it free from incumbrance on or before March 1, 1892. Merritt paid down $500 and agreed to pay $3,500 more when the deed should be delivered, and the remaining $1,000 when the patent for the land should be issued and delivered to him. On being told of this sale, Bang refused to make a deed. Marble returned the $500 to Merritt, and brought this action against Bang to recover $2,333.33. When plaintiff's evidence was in, the Judge directed the jury to return a verdict for defendant. The plaintiff excepted, made, settled and filed a case containing his exceptions, and on it and the pleadings, moved for a new trial. It was denied, and he appeals.

*C. F. Lamb*, for appellant.

Plaintiff claims that the sale to Merritt was at least a "substantial compliance" with the agency contract under the following decisions of this court: *O'Dea* v. *City of Winona*, 41 Minn. 424; *Leeds* v. *Little*, 42 Minn. 414; *Elliott* v. *Caldwell*, 43 Minn. 357; *Ennis* v. *Buckeye Publishing Co.*, 44 Minn. 105; *Madden* v. *Oestrich*, 46 Minn. 538.

*John Jenswold, Jr.,* for respondent.

An agent having authority simply to sell must sell for cash, or not at all. He has no right to sell on time. Here $1,000 of the purchase price was to be paid at a future and uncertain date, when the patent should be issued by the United States. That is usually some years after the pre-emption has been completed. For this reason the sale to Merritt did not conform to the agent's authority, and the defendant rightly refused to deed the land.

MITCHELL, J. The cause of action, if any, alleged in the complaint, is for commissions earned by procuring a purchaser for defendant's property, ready and willing to buy on the terms authorized, and not for damages for a revocation of plaintiff's agency before the expiration of the time named in the agreement of the parties. This disposes of plaintiff's contention that he was entitled to at least nominal damages on the latter ground.

Construing the agreement (Exhibit A) most favorably to the plaintiff,—that he would have earned his commission upon producing a purchaser ready, able, and willing to buy on the terms therein named,—and assuming (what is not very clear) that Merritt, the alleged customer, was ready and willing to buy on the terms named in the memorandum, (Exhibit B,) the plaintiff was not entitled to recover, for the reason that the terms named in the latter were not those authorized by the defendant. Authority to sell property is, unless otherwise provided, authority only to sell for cash on delivery of the deed. By the terms of the sale which plaintiff assumed to make, $1,000 of the purchase money was not to be paid until "the patent for said land is issued and delivered." This was in excess of plaintiff's authority. The doctrine of "substantial performance of a contract," which plaintiff invokes, has no application. This is a question of authority, and not of performance. Plaintiff's contention is that this departure from the power was immaterial, because the amount to be paid down by the purchaser was more than would be coming to the defendant out of the entire purchase price, after deducting plaintiff's commissions. But this is not tenable, for there was no agreement that plaintiff was to receive his commission out of a deferred payment. According to the agreement, plaintiff was to receive as his compensation all that the property brought over

$2,000, up to $3,000, and two-thirds of what it brought over the latter sum. Consequently, of the $1,000, the payment of which was deferred, the plaintiff would be entitled to two-thirds, and the defendant to one-third.

Order affirmed.

(Opinion published 55 N. W. Rep. 1131.)

