HELEN M. SNELL *vs.* GEORGE E. SNELL *et al.*

Argued July 19, 1893.    Affirmed July 24, 1893.

**Prior in Tempore, Potior in Jure.**

Except as affected by the registry law, rights or interests in real estate are to take effect and be sustained according to priority, unless there be circumstances—such, for instance, as amount to fraud or an estoppel— postponing a senior to a junior right. This is so although the person claiming the junior right be a purchaser for value, and without notice of the senior right.

**The Registry Law Applies to Rights under Written Instruments Only.**

The right in her husband's real estate, which a wife acquires by her marriage, does not come within the registry law.

**Immaterial Findings.**

Where to disregard certain facts found will not affect the result, it is immaterial whether the finding is justified by the evidence.

Appeal by defendant Jennie C. Snell from an order of the District Court of Ramsey County, *John W. Willis,* J., made March 27, 1893, denying her motion for a new trial.

On April 7, 1884, the plaintiff, Helen M. Snell, requested her son, the defendant George E. Snell, to purchase for her, lot seven (7) in block four (4) in Woodland Park Addition to St. Paul, and furnished the money, $2,000, and intrusted the entire business to him as her agent. He purchased the property and paid for it with her money so furnished, but took the title in his own name, without her knowledge or consent. She built on the lot a dwelling house costing $3,600, and completed it prior to March 1, 1885, and thereafter resided in it. On March 14, 1886, she discovered that the title was in

her son's name.   At her request, he on that day gave her an instru-
ment in writing acknowledging that he held the property in trust
for her and had bought it as her agent with her money.

On December 21, 1891, the son was married to the appellant Jen-
nie C. Snell.   Thereafter plaintiff asked her son and his wife to
deed the property to her.   His wife refused to join in the deed.
She then brought this action to obtain the title.   On the trial the
wife testified that prior to her marriage she heard nothing of the
plaintiff's claim to the property.   There was no direct evidence that
she had, but the court found that she knew all the facts above
stated.   Findings were made and judgment ordered for the plain-
tiff, that she owns the property and that her son and his wife have
not, nor has either any title, estate or right, choate or inchoate
therein.

*Frederic A. Pike,* for appellant.

The defendant Jennie C. Snell had no notice, actual or construct-
ive, of the claims of the plaintiff when she married the son.   She
had no actual notice nor was there anything in the facts known to
her, or in the information she received, which would suggest to an
ordinarily prudent person the necessity of inquiry.   The only cir-
cumstance out of which such a suggestion could grow, was the fact
that the plaintiff lived on the premises.   The trial court held that
this occupancy was notice to the defendant of all rights claimed by
the plaintiff.   It is submitted that this was error.   *Perkins* v. *Morse,*
30 Minn. 11; *Village of Glencoe* v. *Wadsworth,* 48 Minn. 402; *Brown*
v. *Volkening,* 64 N. Y. 76; *Bell* v. *Twilight,* 22 N. H. 500; *Smith*
v. *Yule,* 31 Cal. 180; *McMechan* v. *Griffing,* 3 Pick. 149; *Scott* v.
*Gallagher,* 14 Serg. & R. 333.

The defendant was a purchaser for a valuable consideration of
the inchoate rights in her husband's property provided for her by the
statute.   *Goodwin* v. *Kumm,* 43 Minn. 403; *Young* v. *Paul,* 2 Stock.
401; *Van Beuren* v. *Dash,* 30 N. Y. 393.

Marriage is a valuable consideration.   *Magniac* v. *Thompson,* 7
Pet. 348; *Prewit* v. *Wilson,* 103 U. S. 22; *Gay* v. *Parpart,* 106 U.
S. 679; *Sterry* v. *Arden,* 1 Johns. Ch. 261.

The plaintiff is bound by the record in the Registry of Deeds,
and the wife has a right to rely upon it.   1878 G. S. ch. 40, § 28;

*Butman* v. *James,* 34 Minn. 547; *Burgess* v. *Bragaw,* 49 Minn. 462; *Knox* v. *Jenks,* 7 Mass. 488; *Valentine* v. *Piper,* 22 Pick. 85.

The principle of equitable estoppel applies in this case. The plaintiff having put it in the power of her son to commit a fraud, she should suffer rather than an innocent third person, the defendant. *Bloomer* v. *Henderson,* 8 Mich. 395; *Wilder* v. *City of St. Paul,* 12 Minn. 192, (Gil. 116;) *Dickerson* v. *Colgrove,* 100 U. S. 578.

An innocent purchaser from a fraudulent holder should hold as against the defrauded party, for though neither has been guilty of immoral conduct, yet if one of them must suffer a loss, it is proper and just that she should suffer who has been so regardless of her own interest, as not to attend to her record title, rather than she who has not been negligent. *Burgess* v. *Bragaw,* 49 Minn. 462; *Hewes* v. *Wiswell,* 8 Me. 94; *United States Bank* v. *Bank of Georgia,* 10 Wheat. 333; *Baker* v. *Taylor,* 54 Minn. 71; *Howland* v. *Woodruff,* 60 N. Y. 73; *Nicholson* v. *Hooper,* 4 Myl. & Cr. 186; *Stevens* v. *Ludlum,* 46 Minn. 160; *Gregg* v. *Von Phul,* 1 Wall. 274; *Blair* v. *Wait,* 69 N. Y. 113.

*A. G. Briggs,* for respondent.

Appellant is not a *bona fide* purchaser for a valuable consideration. 2 Pomeroy, Eq. J. 747, n. 3; 20 Am. & Eng. Encyc. of Law, 590c; *Claussen* v. *La Franz,* 1 Iowa, 237; *Socher's Appeal,* 104 Pa. St. 609. Barring the recording act, the person first getting the estate is protected. The recording act does not apply to this case, and the plaintiff is protected in her title. 1878 G. S. ch. 40, § 21. There is no conveyance to plaintiff or to this defendant. "The wife has no conveyance first duly recorded." She is not a purchaser in good faith without notice or for a valuable consideration. *Morrison* v. *March,* 4 Minn. 422; *Groff* v. *Ramsey,* 19 Minn. 44, (Gil. 24;) *New* v. *Wheaton,* 24 Minn. 406. The plaintiff is not estopped by omission on her part to obtain a deed at once on discovering that her son had taken title in his name. *Groff* v. *Ramsey,* 19 Minn. 44, (Gil. 24;) *O'Mulcahy* v. *Holley,* 28 Minn. 31; *McAbe* v. *Thompson,* 27 Minn. 134; *Smith* v. *Kipp,* 49 Minn. 119; *Tibbetts* v. *Shapleigh,* 60 N. H. 487.

The wife upon marriage takes no interest in property held by the husband as trustee. She does not at common law become even a co-trustee. Before dower will attach, husband must be seised beneficially for his own use, not wrongfully. Estate must be such as will pass to heirs. 2 Washburn, Real Prop. 206; 2 Pomeroy, Eq. J. 1048; *Tillman* v. *Spann*, 68 Ala. 102.

Where an implied trust has been created from existing facts, a court of equity will enforce it by decreeing a conveyance of the estate. *Ripley* v. *Bates*, 110 Mass. 161; *Bitzer* v. *Bobo*, 39 Minn. 18.

GILFILLAN, C. J. This action is to establish and declare a trust, and vest the title to the trust property (real estate) in the plaintiff. The court below found as facts, in brief, that the plaintiff furnished to the defendant George Snell the money with which to purchase a lot for her, and construct for her a house thereon, and that with said money he purchased the lot, and constructed the house, but that, fraudulently, and without her knowledge or consent, he took the title to the lot, on the purchase, in his own name, and that afterwards, in 1886, he made and delivered to her a memorandum in writing, subscribed by him, acknowledging and declaring that he held the property in trust for her; that in December, 1891, the two defendants became husband and wife. The evidence fully sustains those findings.

The court also found that in 1884, after the purchase, the plaintiff went into possession of the property, and remained continuously in possession, and exclusively controlled and managed the same, till the time of the trial, and that when the defendants intermarried the defendant Jennie C. had full knowledge and notice of all the foregoing facts. The findings as to plaintiff's possession, and as to the defendant Jennie having notice of the facts, are objected to as not justified by the evidence. If those findings stand, of course, the plaintiff is entitled to the relief she demands, for, in whatever relation the defendant Jennie C. stands to the rights which the law would give her in her husband's real estate,—whether (in law) in that of a purchaser or not,—such rights would certainly be subject to the rights of others, good against her husband, of which she had notice. But those findings are immaterial, and it is immaterial whether they are justified by the evidence, for if they be disregarded

or reversed the plaintiff is still, in the absence of other facts not found, and which the court below was not asked to find, entitled to the same relief. Except as affected by the registry law, rights or interests in real estate are to take effect and be sustained according to priority in time, unless there exist circumstances—such, for instance, as amount to fraud or an estoppel—which will postpone the senior to the junior right. And this is so although the claimant of the junior right was a purchaser for value, and without notice of the prior right. The registry law does not apply in the case, because no one is protected by it except one whose deed or instrument creating his right is first recorded. Those who acquire rights, except through instruments which can be and are recorded, do not come within its protection, and their case must be determined just as though there were no registry law. Unless, therefore, upon setting aside or disregarding the above findings as to the possession and notice to defendant, there remain facts which postpone the plaintiff's to defendant's rights, (even though she is to be regarded as a purchaser,) then it is immaterial, and will not affect the result, whether they be sustained or not. There is no fact found which suggests fraud by plaintiff; and, except for the findings referred to, there is nothing to suggest that defendant Jennie C. ever knew of the property,—ever knew that the title appeared to be in George. There is no finding that she ever supposed it to be in him. So that there is nothing upon which to base a claim of estoppel to assert plaintiff's rights. The plaintiff had a choice of remedies against George. She could either enforce the trust, or sue for misappropriation of the money. As no right acquired by Jennie C. could impair hers, her right to elect a remedy was not affected.

There is no other question, deserving special mention, raised by the assignment of errors.

Order affirmed.

(Opinion published 55 N. W. Rep. 1131.)