### WILKINSON v. HUDSPETH.

#### Opinion delivered April 29, 1918.

DEEDS OF TRUST—FORECLOSURE—PUBLICATION OF NOTICE.—Where a deed of trust, given upon land, is less than $300, in a proceeding to foreclose, the requirements of Kirby's Digest, § 4923, are met by the trustee, where he gave notice by publication in a newspaper only, as required by law.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*Walter Gorman,* for appellants.

1. Notice was served by publication in accordance with the terms of the deed of trust. This was sufficient. Kirby's Digest, § 4923; 123 Ark. 523.

2. All the plaintiffs are barred by laches and limitation.

3. The recitals in the trustee's deed are *prima facie* true, and must be overcome by clear, positive and con-

vincing proof. 91 Ark. 332; 61 *Id.* 473; 23 Am. & E.
Enc. L. (2 ed.), 825; 27 Cyc. 1496; 71 Ark. 484; 70 *Id.* 309.

*S. S. Hargraves,* for appellees.

The amount secured was less than $350 and the
notice was not served as required by Kirby's Digest,
§ 4923; 123 Ark. 526. The chancellor properly held that
the sale was void as against the minor, who was not
barred, as no notice was served as required by law. The
statute is mandatory and necessary. The powers and
duties in deeds of trust must be strictly complied with.
The recitals in the trustee's deed do not recite that notice
was served upon the mortgagor or his heirs, and the
proof shows that no notice was served upon the heirs.

SMITH, J. This suit was brought by the heirs of
R. S. Hudspeth to redeem a tract of land sold to J. M.
Prewett, as trustee, under the provisions of a deed of
trust executed by Hudspeth to Prewett as trustee for
the use and benefit of G. T. Banks. Banks was the pur-
chaser at the trustee's sale, and by *mesne* conveyances
this title passed to C. M. Wilkinson. The indebtedness
secured amounted to $216.92, and the court found that
the trustee's sale was void because of the failure of
the trustee to comply with Section 4923 of Kirby's Di-
gest by serving notice of the foreclosure upon the debtor
"as summons are now served." The deed of trust
provided for notice to be given by publication in some
newspaper, and that notice was given, but no notice was
served "as summons are now served." Was the sale
void? Section 4923 of Kirby's Digest reads as follows:

"Sec. 4923. All advertisements and orders of publi-
cation required by law or order of any court, or in con-
formity with any deed of trust or real estate mortgage,
or chattel mortgage, where the amount therein received
exceeds the sum of three hundred and fifty dollars, or
power of attorney or administrators' notice to be made,
shall be published in some newspaper published and
having a *bona fide* circulation in the county in which
the proceedings are had, to which such advertisement

or order of publication shall pertain; if there be no newspaper published in such county, then by posting five written or printed notices in five of the most public places in such county; provided, the provisions of this act shall not apply to sales under execution issued by justices of the peace; and provided further, that as to amounts under three hundred and fifty dollars notices, written or printed, may be posted in five conspicuous places in the county, and notice shall be served in all cases upon the debtor as summons are now served."

This section of the Digest was construed by this court in the case of *Gleason* v. *Boone,* 123 Ark. 523, where the contention was made that service of notice upon the debtor was required in all foreclosure proceedings. We said, however, that the phrase, "in all cases," referred only to those cases in which the amount involved was under three hundred and fifty dollars and had no application to cases involving more than that amount. It is now argued that personal service is essential in all cases not exceeding that amount and that notice by publication in such cases is not sufficient. Is this a correct interpretation of the act? We think not.

The section quoted is a part of Act No. 189 of the Acts of 1899 (Acts 1899, p. 333), and amended section 4684 of Sandels & Hill's Digest. That section was an amendment of the Act of April 14, 1893 (Acts 1893, p. 329), which was itself an amendment of section 4 of the act of April 14, 1891 (Acts of 1891, p. 269). The last-mentioned act was "An Act to Regulate Legal Advertising," and is a publication statute. Section 4 of the act provided that "all advertisements and orders of publication required by law, or the orders of any court, or in conformity with any deed of trust or mortgage * * * shall be published in some newspaper published and circulated in the county in which the proceedings are had, and that if there be no newspaper published in such county, then in some newspaper published the most convenient thereto having a *bona fide* circulation therein."

No provision was made in the cases stated for notice except by newspaper publication. It evidently became apparent that the requirements of this act might become burdensome where the sum involved was small and the act of 1891 was amended by the statutes referred to until an optional system for advertising was provided in certain cases. It is apparent that publication in a newspaper was treated as giving the highest degree of publicity and that it was the purpose of the Legislature to give the widest possible publicity for the manifest purpose of inviting competition at the intended sale. Publication in some newspaper remains the exclusive method "where the amount therein received exceeds the sum of three hundred and fifty dollars." The proviso furnishes an optional method where the amount is under that sum. The language of the proviso shows that the other method therein provided is an optional one, for the language of the proviso is that written or printed notices *may* be posted in five conspicious places. But if the optional method is adopted it becomes essential, not only to post the notices, but to serve a copy thereof "upon the debtor as summons are now served." No option exists about serving the copy of the notice if the optional method of posting notices is adopted. The option is either to publish in a newspaper or to post notices; but if this last method is adopted all the requirements of that method must be met. It would not, therefore, be sufficient to post the five notices without also serving a copy upon the debtor as summons are now served; but it would be sufficient to comply with the law, which is applicable to all sales regardless of amount, by publishing the notice in some newspaper.

We conclude, therefore, that the requirements of section 4923 of Kirby's Digest were met by the trustee in this case when he gave notice by publication in a newspaper as required by law.

The decree of the court below will, therefore, be reversed and the cause remanded with directions to dismiss the complaint for want of equity.