## HUNT *v.* BOYCE.

### Opinion delivered February 20, 1928.

1. EJECTMENT—PAPER TITLE.—In ejectment where plaintiff relied on a chain of title depending on title of a wife of a husband who had agreed to deed a lot to her, but had never performed his promise, plaintiff's paper title to such lot failed.

2. SPECIFIC PERFORMANCE—VOLUNTARY AGREEMENT.—Equity never enforces a voluntary agreement to convey land where no possession has been taken of the land, nor any valuable improvements made on it.

3. SPECIFIC PERFORMANCE—WHEN VOLUNTARY AGREEMENT ENFORCED.—In a suit for specific performance of the voluntary agreement to convey land, where the donee took possession and made valuable and substantial betterments on the land, relying on promise to convey, the possession and betterments constitute such part performance as takes the case out of the statute of frauds.

4. MORTGAGES—FORECLOSURE OF DEED OF TRUST.—A sale at foreclosure of a deed of trust without service of notice on the grantor in such deed was void under Crawford & Moses' Dig., § 6807, and rendered the paper title of one claiming thereunder defective.

5. ADVERSE POSSESSION—SEVEN YEARS' PAYMENT OF TAXES.—Evidence *held* not to sustain a finding of title in plaintiffs by reason of seven years' payment of taxes on unimproved lands.

6. ADVERSE POSSESSION—TAX DEED.—A tax deed regular in form gives color of title to a purchaser and the grantees claiming thereunder, and holding possession thereunder for two years prior to the bringing of ejectment vests title in them, regardless of defects in their chain of title prior to the tax sale.

7. TRIAL—TRANSFER OF CAUSE.—Where defendant in ejectment was entitled to have a deed to her reformed to describe the land correctly, transfer of the case to equity was proper, especially in view of a lack of dispute as to the facts.

8.    APPEAL AND ERROR—HARMLESS ERROR.—A decree in equity will not be reversed because improperly transferred from the law court where, under the law and facts, the judgment rendered at law must be the same.

Appeal from Jackson Chancery Court; *A. S. Irby,* Chancellor; affirmed.

STATEMENT OF FACTS.

This was an action in ejectment brought by James H. Hunt against Fannie Boyce and Williams Biggers, in the circuit court, to recover lots Nos. 1 and 2, block 1, in Knight's Addition to the town of Tuckerman, Arkansas. The plaintiff filed his muniments of title with his complaint. The defendants filed exceptions to some of the muniments of title of the plaintiff, and claimed title in themselves by a tax deed and adverse possession thereunder for two years.

The record shows that Charles Parrott had title to lot 1 in said block 1, and that his wife, Martha Parrott, had title to lot 2 in said block 1. Charles Parrott promised to deed said lot 2 to his wife, but died without having done so. Subsequent to his death, on the 2d day of March, 1915, Martha Parrott executed a deed of trust to said lots to J. R. Loftin, Jr., as trustee, to secure an indebtedness to A. S. Lawrence. Having failed to pay the indebtedness, J. R. Loftin, Jr., foreclosed the deed of trust under the power of sale contained in it, and A. S. Lawrence became the purchaser at the sale. On the 4th day of January, 1917, J. R. Loftin, Jr., executed a deed to A. S. Lawrence to said land. The deed recites that notice of the time, place and terms of sale was given for twenty days before the date of sale by posting written notices thereof in five public places in Jackson County, and one notice upon the courthouse, and one upon the land. A. S. Lawrence bid $60 for said lots. The trustee's deed does not show that notice of the sale was served on Martha Parrott, as required by § 6807 of Crawford & Moses' Digest. Martha Parrott, on cross-examination, testified that no notice of sale was ever served on her. Said lots were sold on the 14th day of June, 1920, for

nonpayment of taxes for the year 1919, and William M. Biggers became the purchaser at the tax sale. The lots, not having been redeemed, the clerk of Jackson County executed a tax deed to said lots to said W. M. Biggers on the 6th day of July, 1922. Subsequently W. M. Biggers sold said lot 2 to Fannie Boyce, and she entered into possession of it and erected a house on it in 1923. Both lots were then inclosed with a fence, and have been in the possession of William Biggers and Fannie Boyce since that time. Prior to that time the lots were vacant, and were not inclosed with a fence. The deed from W. M. Biggers to Fannie Boyce did not properly describe said lot 2, but the evidence of both of these parties shows that that was the lot intended to be embraced in the deed and that Biggers at once put Fannie Boyce in possession of said lot 2, and that she has been in possession of it since that time. The remaining facts will be stated in the opinion.

The case was transferred and tried in the chancery court, over the objections of the plaintiff. The ground for the motion to transfer to equity was that Fannie Boyce was entitled to have the deed from William Biggers to her reformed so as to correctly describe the lot intended to be conveyed to her.

The chancellor found all the issues in favor of the defendants, and it was decreed that the plaintiff's complaint be dismissed for want of equity. To reverse that decree the plaintiff has duly prosecuted an appeal to this court.

*E. F. Duncan* and *J. Paul Ward*, for appellant.

*John W. Stayton*, for appellee.

HART, C. J., (after stating the facts). The paper title of the plaintiff failed as to lot 2 in block 1 of Knight's Addition to the town of Tuckerman, Arkansas. The plaintiff alleged that Charles Parrott had conveyed this lot to his wife, Martha Parrott, but that the deed had been lost. The record contains no proof that Charles Parrott executed a deed to said lot 2 to Martha Parrott. It does show that Charles Parrott orally agreed to con-

vey said lot to Martha Parrott, but died without having executed the deed. Martha Parrott never entered into possession of the lot.

Equity never enforces a voluntary agreement to convey land where no possession has been taken of the land or valuable improvements made on it. It is only when the donee takes possession and makes valuable and substantial betterments upon the land, in reliance on the donation, that specific performance will be enforced. In such a case the expenditures of the donee supply a valuable consideration, and the possession and betterments constitute such part performance as to take the case out of the statutes of frauds. *Young* v. *Crawford*, 82 Ark. 33, 100 S. W. 87; and *Murphy* v. *Graves*, 170 Ark. 180, 279 S. W. 359.

The paper title of the plaintiff also failed as to lot 1, in block 1. Martha Parrott had the record title to this lot, and made a deed of trust to John R. Loftin, Jr., trustee, to secure an indebtedness which she owed A. S. Lawrence. Default was made in the payment of the indebtedness, and a foreclosure of the deed of trust was had under the power of sale contained in it. The trustee executed a deed to A. S. Lawrence, who became the purchaser at the foreclosure sale under the power contained in the deed of trust. The amount secured by the deed of trust was $160, and the amount bid by Lawrence at the foreclosure sale under the power contained in the deed of trust was $60. Under § 6807 of Crawford & Moses' Digest, notices in conformity with any deed of trust as to amounts under $350 may be posted in five conspicuous places in the county, but the statute further provides that notice shall be served in all cases upon the debtor as summons is now served. No service was had upon Martha Parrott, as required by the statute, and for that reason the sale was invalid. *Gleason* v. *Boone*, 123 Ark. 523, 185 S. W. 1093, and *Wilkison* v. *Hudspeth*, 134 Ark. 132, 203 S. W. 263. In these and in other cases decided by this court it is

held that, where the statutory requirements as to making the sale are not complied with, the sale is void.

It is next contended by counsel for the plaintiff that he has acquired title by the payment of taxes for seven consecutive years, the lands being unimproved. Plaintiff cannot claim to be holding title under Martha Parrott, because, as we have already seen, her title to the lot owned by her was never legally divested, and she never acquird any title to the lot owned by her husband. Plaintiff must therefore claim under A. S. Lawrence, who claimed the land by virtue of the trustee's deed executed to him in 1917. There had been no payment of taxes for seven consecutive years up to that time by the plaintiff. The record shows that the lands were sold in 1920 for the nonpayment of taxes for the year 1919. William M. Biggers, the purchaser at the tax sale, received a tax deed on July 6, 1922. In 1923 he sold one of the lots to Fannie Boyce, and both lots were inclosed by a fence, and have been in the possession of said defendants ever since. Thus it will be seen that the record does not bear out plaintiff in his contention. On the other hand, the clerk's tax deed is in regular form, and gave color of title to William Biggers and Fannie Boyce. They held adverse possession under this tax deed for two years prior to the bringing of this action, and acquired title thereby. *Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673; and *Culver* v. *Gillian,* 160 Ark. 397, 254 S. W. 681.

Finally it is insisted that the decree should be reversed because the court erred in transferring the case to equity. In the first place, it may be said that the facts in the case are undisputed, and this court has held that a decree in equity will not be reversed, although the case was improperly transferred from law, where, under the law and facts, the judgment, if rendered at law, must necessarily have been the same. *Eagle* v. *Oldham,* 116 Ark. 565, 174 S. W. 1176, 1199. To the same effect see *Clark* v. *Spanley,* 122 Ark. 366, 183 S. W. 964; and *Shapard* v. *Lesser,* 127 Ark. 590, 193 S. W. 262, 3 L. R. A. 247. Moreover, Fannie Boyce asked for a reforma-

tion of the deed to her from William M. Biggers, and this gave a court of equity jurisdiction in the case.

The result of our views is that the decree of the chancellor is correct, and it will be affirmed.