RAINES *v.* O'NEAL.

4-3468

Opinion delivered June 4, 1934.

*Henry Stevens,* for appellant.
*Searcy & Searcy,* for appellee.

McHANEY, J. This is an appeal from a decree foreclosing a mortgage on certain lands given by appellant, Will Raines, to secure a note for $450, representing certain advances already made and those to be made in the future by appellees. The property covered by the mortgage has been sold, and appellees became the purchasers for a sum less than the amount of the judgment.

For a reversal, it is first urged that appellees sued on a note, but recovered on an account, which amounted to a recovery on a substituted cause of action. It is true that appellees declared upon a note, secured by a mortgage. Appellants denied they were furnished the full amount of the note, stated that the note and mortgage were given for supplies to be advanced, and asked that appellees be required to set out an itemized and verified account. This was done, and its only purpose was to show that the note represented the correct amount of advances already made at the date of its execution and those to be made thereafter. It was simply another way of establishing the amount due on the note. Although a note is given for a definite sum and is secured by a mortgage given for a definite amount, it is competent to show that the transaction is simply one for future advances or for a sum already advanced and for future advances. *Henry v. Union Saw Mill Co.,* 171 Ark. 1023, 287 S. W. 203. It is

not the substitution of a cause of action on account for one on a note. The amendment to the complaint setting out the itemized account was called for by appellants.

It is next earnestly insisted that the note sued on and the mortgage are usurious. In the substituted answer filed by appellants it is alleged that the note is usurious because supplies were not furnished under it up to the amount of the face of the note. In this appellants are mistaken. The evidence greatly preponderates in favor of appellees in this regard, conceding without deciding that the plea of usury was sufficient, since there was no allegation of an intention on the part of appellees to take or reserve more than the legal rate of interest. See *Moody* v. *Hawkins,* 25 Ark. 191; *Citizens' Bank* v. *Murphy,* 83 Ark. 31, 102 S. W. 697; *American Farm Mortgage Co.* v. *Ingraham,* 174 Ark. 578, 297 S. W. 1039. Nor does the proof show that more than 10 per cent. per annum was charged or received. Mr. Crockett testified that interest was charged at 10 per cent. from the first of the month for goods bought during the preceding month. Appellants received monthly statements of their account and never at any time questioned same, and these statements showed on their face: ''All bills are due and payable on the first of each month following date of purchase. 10 per cent. interest charged after maturity.'' We think there can be little doubt that appellants were not overcharged either as to interest or principal.

The final contention of appellants is that the land covered by the mortgage became the homestead of Mary Raines, wife of Will Raines, prior to the recording of the mortgage, although subsequent to the date of its execution and delivery, and, not being signed and acknowledged by her, it is void. The note and mortgage were executed and delivered by Will Raines on January 11, 1928, while he was a widower. Four days later, January 15, Will and Mary (colored) were married and immediately moved on the 80 acres of land covered by the mortgage which was not recorded until February 3, 1928, and, of course, was not signed or acknowledged by Mary. This is a novel contention and one that has rarely been before

the courts. It is unsound in principle and not supported by authority. The law is thus stated in 13 R. C. L., § 109: "FAILURE TO RECORD TRANSFER: While marriage is undoubtedly in one sense a valuable consideration, yet it has hardly yet been reduced to the level of a contract of bargain and sale, nor do we find that it has ever been held that the statute of registration is intended to advise persons contemplating matrimony of the property and contract status of the other party to the contemplated engagement. It is reprehensible for either party to conceal the fact that he or she does not own large properties on the faith of the reputed ownership of which, in part at least, the other may properly enter into an agreement of marriage, but the statute for the registration of conveyances, while intended to protect purchasers for valuable considerations, mortgagees, and judgment creditors, without notice, cannot be given that enlarged construction which would include persons entering into a contract of marriage, and it is held that the failure to record an antenuptial conveyance by the husband does not render it invalid as against the future wife as regards her marital rights in the property conveyed."

From this and other authorities we are of the opinion that, as stated by the Supreme Court of Minnesota in *Snell* v. *Snell*, 54 Minn. 285, 55 N. W. 1131: "The right in her husband's real estate, which a wife acquires by her marriage, does not come within the registry law, and is postponed to an unrecorded trust."

We are of the opinion that Mary acquired her rights to the homestead subject to the existing mortgage, even though not recorded, as the registry statutes in such cases were not for her protection.

Affirmed.