BROWN v. BENNETT.

5-1038                                    294 S. W. 2d 492

Opinion delivered October 29, 1956.

*R. H. Peace,* for appellant.

*William H. Drew,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, A. T. Brown, filed this suit to confirm title in him to 5 acres of land he claims as an oral gift from his brother, H. R. Brown, who died in 1950. The appellees, Gladys P. Brown and Marjorie Brown Woods, are the widow and daughter, respectively, of H. R. Brown. In 1951, they

conveyed to appellee, A. R. Bennett, 80 acres of land which includes the 5 acres in issue here. After considering all of the evidence, the chancellor dismissed the complaint.

Appellant testified that his deceased brother gave him the 5 acres in question, but his testimony is so confused and contradictory that it is hard to follow. He describes the land he claims his brother gave him as being one acre wide, but in his complaint he describes it as being one-half acre wide. He says he built a house on the land, but the house in question is on the land of Garfield Brown, another brother. At another point, he testified he built the house before the time he claims W. R. Brown gave him the land. Appellant contends that he was in possession of the land at the time appellee Bennett purchased it from the widow and daughter of W. R. Brown, and that such possession was notice of his claim of ownership; but the house where appellant contends he lived at the time is not on the land bought by Bennett.

Mrs. Bertha Rice, Mrs. Etta Brown and Mrs. Alice Quinn, sisters of appellant, testified in effect that H. R. Brown, during his lifetime, told them he had given 5 acres of land to their brother, A. T. Brown.

The evidence is not convincing that A. T. Brown made any substantial improvements on the 5 acres he now claims as a gift from his brother. This court said, in *Akins* v. *Heiden*, 177 Ark. 392, 7 S. W. 2d 15: "This court is committed to the rule that an oral gift of land is not enforceable unless there is actual possession delivered, followed by the making of valuable improvements by the donee." Citing "*Young* v. *Crawford*, 82 Ark. 33, 100 S. W. 87; *Brown* v. *Norvell*, 96 Ark. 609, 132 S. W. 922; *Murphy* v. *Graves*, 170 Ark. 180, 279 S. W. 359; and *Hunt* v. *Boyce*, 176 Ark. 303, 3 S. W. (2d) 342."

Appellee Bennett testified that he had no notice whatever that A. T. Brown was claiming ownership of any part of the 80 acres at the time of his purchase from the widow and daughter of W. R. Brown. Bennett also says that some time after his purchase of the

land he was inspecting a house on the property he bought when A. T. Brown came over and said "the womenfolk" owed him $4,000 for looking after W. R. Brown's stock during his last illness, and, at that time, A. T. Brown made no claim whatever as to owning any part of the land.

When all of the evidence is considered, it appears that the chancellor's decree is correct and is, therefore, affirmed.