CLARK, TRUSTEE, *v.* SPANLEY, TRUSTEE.

Opinion delivered February 28, 1916.

1. TRUSTS—EQUITY JURISDICTION—KNOWLEDGE OF THE TERMS OF THE TRUST.—A court of equity can not render a judgment against a trustee, as to the trust property, without knowing what are the terms of the trust.

2. TRUSTS—TRUST PROPERTY—RIGHT TO FOLLOW.—Trust property, or property substituted for it, may be recovered from the trustee and all persons having notice of the trust.

3. TRUSTS—TRUST PROPERTY—EQUITY JURISDICTION.—So long as a trust fund can be distinctly traced, equity will follow it and fasten the purpose of the trust upon it, unless the rights of innocent third parties have intervened.

4. TRUSTS—NEGLECT OF TRUSTEE—LIABILITY.—If a trustee violate the rights of the beneficiary by neglect or misconduct, the beneficiary may hold the trustee liable for the damage caused.

5. TRUSTS—CONDUCT OF TRUSTEE—LIABILITY OF TRUSTEE'S PERSONAL PROPERTY.—The individual property of a trustee will not be liable to the beneficiary under a trust, unless the trustee has violated the rights of the beneficiary by neglect or misconduct.

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

*J. I. Alley*, for appellant.

The court should have given a peremptory instruction in favor of appellant. It is admitted that he is trustee for the estate of R. B. Clark, and there is nothing to show that he had authority as trustee to bind her estate in this matter. Moreover, the only way to obtain a judgment against the estate of a deceased person is to proceed against the administrator. Art. 7, § 34, Const. Ark.; 33 Ark. 575; 33 Ark. 727; 44 Ark. 423; 47 Ark. 222; *Id.* 317; *Id.* 460; 48 Ark. 544; 50 Ark. 34; 51 Ark. 361, 366; 45 Ark. 267; 49 Ark. 51.

*W. Prickett,* for appellee.

This is not a suit against the estate of a deceased person, but a suit against the trustee of an estate created by appellant and others interested in certain property, with a view to collecting the debts and paying off the claims against the property.

The proper person to sue for a claim against property held in trust is the trustee, not the donor or *cestui que trust.* The legal title is in the trustee. 113 Ark. 501; 30 Ark. 250; 1 L. R. A. 230, 231, note 1, and cases cited. The trust is not terminated by the death either of the donor or *cestui que trust.* 39 Cyc. 100, 104.

HART, J.   Charles A. Spanley, trustee in bankruptcy of the Hanna-Breckenridge Company, instituted this action against T. W. Clark, as trustee of the estate of R. B. Clark, deceased, to recover judgment for the sum of $528.75, with accrued interest. The facts are as follows:

The Clark Lumber Company, a corporation organized under the laws of the State of Oklahoma, opened up business at Mena, Arkansas, pursuant to the laws of this State. T. W. Clark and R. B. Clark, his wife, became creditors of the corporation. R. B. Clark obtained a judgment against it for $5,000 and T. W. Clark for $1,500. There were other creditors of the corporation. Then a contract in writing was executed between the corporation and the Clarks. The contract was not introduced in evidence and all the information as to its contents, as disclosed by the record, is the testimony of T. W. Clark. He testified that the Clark Lumber Company could not pay its debts to the Clarks and other persons and sold to them its plant and other property; that under the contract the Clarks were either to operate the plant or sell it and get their money out of it and divide the residue with the stockholders. He further stated that this "trusteeship," as he called it, was created prior to his wife's death and was in writing. He was asked if he and his wife had not agreed to pay the indebtedness of the Clark Lumber Company in this contract, and an-

swered that they had done so conditionally. The conditions of the trust were not stated.

R. B. Clark died while she and her husband were in possession of the property of the Clark Lumber Company under the contract above referred to. She also owned individual property. After her death in August, 1913, T. W. Clark wrote the Hanna-Breckenridge Company as follows:

"I have your favor of the 19th inst. addressed to the Clark Lumber Company. The party who owned this plant is dead. I am authorized to wind up its affairs and pay off its debts. It is very solvent and there will be no loss. Your note for $450 was placed in the hands of Judge Prickett of this place some time past and will be paid to him. There could be no balance as stated by you. This note was subject to curtail and was contingent upon a contract, which is in my possession, and the note which you hold is void and no effect. I am advised that this note is in the hands of parties in Baltimore. I have notified them that it is to be taken care of in this $450 item and is void. This $450 item will be taken care of now very soon."

The claim of the Hanna-Breckenridge Company against the Clark Lumber Company was a balance alleged to be due upon a planer and matcher with the regular equipment belonging to the same which had been sold by it to the Clark Lumber Company. Four hundred and fifty dollars was the balance due and the Clark Lumber Company had given its note for that amount. The Hanna-Breckenridge Company became bankrupt and Charles A. Spanley was appointed trustee in bankruptcy.

T. W. Clark also testified that though the body of the machinery was shipped to the Clark Lumber Company, the equipment was never delivered.

The court sustained the request of the plaintiff for a peremptory instruction and rendered judgment in favor of the plaintiff against T. W. Clark, trustee of the estate of R. B. Clark, deceased, for $528.75. The case is here on appeal.

The subject of trusts falls strictly within the scope of equity and forms a large part of equity jurisprudence. Bispham on Equity Jurisprudence (4 ed.), § 49; Pomeroy's Equity Jurisprudence (3 ed.), vol. 1, § 151.

In *Boles* v. *Jessup,* 57 Ark. 469, the case was heard by the court without the intervention of a jury. The case should have been tried on the chancery side of the docket. The court there said that the result was the same as it should have been had it been tried in equity and that inasmuch as the same end had been reached as should have been reached had the case been tried in equity, the court would not reverse the judgment.

(1-2-3)  The principle announced in that case and others of a similar character does not apply here for the reason that we are of the opinion that the court erred in the judgment rendered in the present case. The Clark Lumber Company, a corporation, under a contract in writing, delivered its property to T. W. Clark and R. B. Clark, his wife, in trust. Everything depended upon the contract creating the trust and that contract should have been introduced in evidence. The contract creating the trust is not in the record and we know nothing whatever of its terms except as testified to by T. W. Clark without objection. He testified that the contract contained a condition but does not state what the condition was. Therefore, we can not tell whether or not the plaintiff was entitled to judgment against defendant, as trustee, in a proper action. The contract created a trust and without knowledge of its terms a court of equity could not even enforce its provisions. It is well settled that trust property or property substituted for it may be recovered from the trustee and all persons having notice of the trust. So long as the fund can be distinctly traced the chancellor will follow it and fasten the purpose of the trust upon it unless the rights of innocent third parties have intervened. Second Perry on Trusts, (6th ed.), § 828; Modern American Law, Vol. VII, bottom of page 357.

(4)   It is equally well settled that if the trustee violate the rights of the beneficiary by neglect or misconduct the beneficiary may hold the trustee liable for the damage caused.

(5)   As we have already seen, Mrs. Clark had other property besides the trust property at the time she died. No administration had been had upon her estate. Under the rule just stated her individual property would not be liable to the beneficiary unless she had violated the rights of the beneficiary by neglect or misconduct. It is not alleged or proved that she did this. Therefore a court of equity would not even have power to render judgment under the facts in this case against her individual estate. The letter copied in the statement of facts shows that the trust under which the Clark's received the property contained a condition.

As indicated above, a court of equity could not render a judgment against the trustee as to the trust property without knowing what the terms of the trust were.

From the views we have expressed it follows that the court erred in rendering judgment against T. W. Clark, trustee of the estate of R. B. Clark, deceased, and for that error the judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.