DAVIS *v.* DICKERSON.

Opinion delivered December 23, 1918.

1.  TRUSTS—ORAL AGREEMENT—STATUTE OF FRAUDS.—Where plaintiff furnished half the consideration for land in which he was to have a half interest under a verbal agreement, that the title holder should hold in trust for him, and the title holder conveyed the land by absolute deed to defendant, who agreed orally to hold as plaintiff's trustee, a trust in plaintiff's favor was established, which is valid under the statute of frauds.

2.  TRUSTS—BREACH—REMEDY.—On a breach of a trust the beneficiary has his remedy by personal action against the trustee, notwithstanding the trust property has been conveyed to a third person.

3.  TRUSTS—BREACH—REMEDY.—Where land held in trust was conveyed by the trustee in breach of his trust, the beneficiary could sue for the value of the land or recover as for money had and received the price realized in the sale of the land.

4.  JUDGMENT—FORMER ADJUDICATION—MATTERS ADJUDICATED.—Where a trustee had conveyed the trust property to a third person in breach of the trust, the record of a former adjudication that the grantee was an innocent purchaser against whom plaintiff could not recover was inadmissible in a suit against the trustee for money had and received for plaintiff's benefit to recover the proceeds.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Starbird & Starbird,* for appellant.

1.   This case falls squarely within our statute. Kirby's Digest, § 3666; 51 Ark. 71; 67 Ark. 526; 110 *Id.* 389.

2.   It was error to exclude the certified copy of the decree.   The objection was general.   It was *res adjudi-*

*cata.* The decree was final and can not be attacked collaterally.

McCULLOCH, C. J. This action, instituted in the circuit court of Sebastian County by appellee against appellant, is based on an alleged breach of trust committed by appellant in wrongfully selling a certain tract of land situated in Crawford County, Arkansas, the title to which he held, in part, as trustee for appellee. It appears from the complaint in the action and the testimony adduced by appellee that the tract of land originally was owned by one Wassamer, who conveyed it by absolute deed to one James; that appellee furnished one-half of the consideration for the conveyance under a parol agreement with James that the latter would hold the title in trust for appellee; that James, in violation of the trust, sold and conveyed the property to appellant, who prior to that transaction was fully apprised of appellee's interest in the land and orally agreed to hold as trustee for appellee; but that appellant, in violation of the trust, sold the land to one Cherry for the sum of $1,500, which sum appellant had received and refused to share with appellee.

Appellant filed his answer in which he denied that when he purchased the land from James he had any notice or information concerning the alleged interest of appellee, or that he made any agreement with appellee to hold the land in trust for him, and he also pleaded, as a former adjudication of the issues a decree of the Crawford Chancery Court against appellee in which it was decided the latter had no interest in the lands in question. There was a trial of the cause below before a jury and appellee secured the verdict of the jury for the recovery of the sum of $750, which is shown to be one-half of the consideration received by appellant in the sale of the lands.

It is contended in the first place that the parol agreement of James, as well as the subsequent parol agreement of appellant, to hold the land in trust for appellee constituted an effort to engraft an express trust upon an abso-

lute deed, and is void because it is within the statute of frauds. Kirby's Digest, § 3666. This is undoubtedly true, but the evidence in the case shows something more than a mere parol agreement on the part of James and appellant to hold the land in trust. It shows that appellee furnished one-half of the consideration upon an agreement that he was to have an undivided half interest in the land, and, according to well-established principles of equity, a trust resulted in his favor. The doctrine of resulting trusts is so familiar that it is unnecessary to cite authorities to establish or elucidate it. The fact that appellee furnished only a moiety of the purchase price does not prevent the transaction from falling within the doctrine of resulting trusts so as to give him a proportionate interest in the land.

It is equally well settled that on the breach of a trust the beneficiary has his remedy by personal action against the trustee. In the case of *Oliver* v. *Piatt,* 3 Howard, 333, Mr. Justice Story, speaking for the court, said: "It is a clearly established principle in that jurisprudence, that whenever the trustee has been guilty of a breach of the trust, and has transferred the property, by sale or otherwise, to any third person, the *cestui que trust* has a full right to follow such property into the hands of such third person, unless he stands in the predicament of a *bona fide* purchaser, for a valuable consideration, without notice. And if the trustee has invested the trust property, or its proceeds, in any other property into which it can be distinctly traced, the *cestui que trust* has his election either to follow the same into the new investment, or to hold the trustee personally liable for the breach of the trust."

The same conclusion is announced in the following authorities: 39 Cyc., pp. 513, 533; Hill on Trustees, p. 761; *Boothe* v. *Fiest,* 80 Tex. 141; *Mixon* v. *Miles,* 92 Tex. 318; *McKee* v. *Downing,* 224 Mo. 115; *Haxton* v. *McClaren,* 132 Ind. 235; *Merket* v. *Smith,* 33 Kan. 66; *McLeod* v. *First National Bank,* 42 Miss. 99; *Lehman* v. *Lewis,* 62 Ala. 129.

The proof is sufficient to warrant the conclusion that a trust resulted in favor of appellee in the purchase of the land from Wassamer and that James held the title as trustee. The proof also is sufficient to sustain the finding that appellant purchased the land with notice of the trust, and this constituted him a trustee. His sale of the property to an innocent purchaser, against whom appellee was deprived of all remedy for the recovery of his interest in the land, operated as a breach of the trust and created liability on his part to appellee for the value of the latter's interest in the land. Appellee could sue for the value of the land on account of the violation of the trust, or could sue as for money had and received for his benefit and recover the price realized by appellant in the sale of the land to Cherry. Appellee chose the latter remedy.

It is next insisted that there had been a former adjudication of the issues against appellee in the litigation and that the court erred in excluding the record of the former case from the consideration of the jury. We do not agree with appellant's contention for it appears from the record presented that in the former case it was only decided that Cherry was an innocent purchaser of the land and that appellee could not recover the same from him. It is conceded in the present case that the title to the land has passed to Cherry as an innocent purchaser, and that constitutes the basis of appellee's right of action now on the ground that appellant violated the trust by selling to an innocent purchaser, against whom appellee has no remedy. The trial court was, therefore, correct in excluding the record of the former case.

There was no question raised below as to the jurisdiction of the court, and no motion to transfer to equity. Therefore, we are not called on to determine whether or not the action was properly brought at law instead of in chancery.

Affirmed.