The Honorable Julia Hughes Jones Auditor of the State 230 State Capitol Building Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion regarding the investment of Unclaimed Property Funds. Your specific questions are restated as follows:
 1. Arkansas Code of 1987 Annotated 18-28-218 (Supp. 1987) provides little guidance with the exception of establishing the "Unclaimed Property Proceeds Trust Fund" as a special trust fund. In your opinion, would this office be within the law to invest in bankers acceptance, commercial paper, treasury notes or repurchase agreements?
 2. A.C.A. 24-9-201 deals with the investment of pensions fund and trust funds. Does this section control the investment of the Unclaimed Property Proceeds Trust Fund?
It is well-established that trustees have a duty to invest trust funds under their control where such funds are not to be immediately used for the purpose and object for which the trust was created. Generally, a trustee cannot allow such funds to be dormant and thus the trustee is said to be under a duty to invest trust funds. See, 76 Am.Jur.2d Trusts 378; 90 C.J.S. Trusts 320(a).
In the absence of specific governing language in either the trust instrument or statutory provisions, the trustee has broad discretion in the exercise of his investment powers. 76 Am.Jur.2d Trust 379. However, the trustee in exercising this power and duty must act in good faith and with that degree of care, diligence, skill, and intelligence of a prudent man in the conduct of his own affairs under like circumstances, in so far as the retention, disposal, and making of trust investments. See, generally, 76 Am.Jur.2d Trusts 374, 378, 379, 418; 90 C.J.S. Trusts 320(b).
While A.C.A. 18-28-218 (Supp. 1987) specifically provides for the creation of a special trust fund to be known as the Unclaimed Property Proceeds Trust Fund, the Code makes no specific provision for the investment of moneys deposited in this Fund. In the absence of any such authority, it is necessary to look to general trust provisions for guidance. Provisions governing the investment of trust funds are codified in A.C.A. 28-71-101, et seq. The prudent man rule has been codified in 28-71-105 wherein it is stated:
 In acquiring, investing, reinvesting, exchanging, retaining, selling, and managing property held in a fiduciary capacity, the fiduciary shall exercise the judgment and care under the circumstances then prevailing which men of prudent discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probably income as well as the probable safety of their capital.
It should be further noted that the Arkansas Supreme Court has recognized the prudent man rule as the requisite standard of care to be applied with the trustee has exercised his investment authority. See, Graham Brothers Company v. Galloway Woman's College, 190 Ark. 692, 81 S.W.2d 837 (1935); McClure v. McClure,243 Ark. 421, 420 S.W.2d 98 (1967); Riegler et al. v. Riegler,262 Ark. 70, 553 S.W.2d 37 (1977).
Section 28-71-106 enumerates the particular authorized investments. While it appears that bankers acceptance, commercial paper, treasury notes, or repurchase agreements would constitute permissible investments, the prudent man rule contained in28-71-105 and other provisions found in 28-71-101, et seq. will be applicable.
It must be concluded that the answer to your second question is no. A.C.A. 24-9-202 states that the term "trust funds" as used therein means "all assets and holdings of various firemen's and policemen's pension funds of this state. In addition, other assets and holdings which are of a trust nature and are under the administration of political subdivisions of this State are, for purposes of this subchapter, to be considered trust funds." The Unclaimed Property Proceeds Trust Fund does not, reasonably, fall within this definition.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.